E-FILED
Tuesday, 18 August, 2026 12:25:12 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ALYSSA L. PACHECO, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-4136 |
| | ) | |
| KNOX COUNTY, ILLINOIS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding by and through counsel, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional and state law claims arising from decedent Justin Main's detention at the Knox County Jail. The matter comes before this Court for ruling on Defendant Advanced Correctional Healthcare's (ACH) and Defendant Friesz's Motion for a More Definitive Statement. (Doc. 26). The motion is denied.

### BACKGROUND

Plaintiffs, in their capacities as the Independent Administrators of the Estate of Justin E. Main, filed this lawsuit on May 26, 2026. (Doc. 1). They allege that Justin Main ("Justin") died while detained at Knox County Jail after jail officials allegedly failed to provide adequate medical care for diabetes.

As relevant here, Plaintiffs alleged that Defendant Friesz worked at the jail as a nurse, and that she failed to prescribe to Justin medication for asthma, diabetes, or withdrawal on May 29, 2025. *Id.* at 8, 10, ¶¶ 26, 35-37. They alleged

that Defendant ACH employed Defendant Friesz and others in its capacity as a private company that provided medical services at the jail. *Id.* at 8, ¶ 27. Plaintiffs allege that Defendant ACH systemically understaffs the jails where it provides services and employs other cost-cutting measures despite knowledge that these practices result in substandard medical care. *Id.* at 12-18, ¶¶ 47-80.

Plaintiffs allege claims pursuant to the Illinois Wrongful Death Act and Illinois Survival Act against Defendant Friesz and other individual defendants in Counts IV and V, and against Defendant ACH in Counts VIII and IX. Defendants Friesz and ACH ask the Court to require Plaintiffs to provide a more definitive statement regarding these counts pursuant to Fed. R. Civ. P. 12(e).

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides in part:

> **(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). Motions under this rule are "generally disfavored, and the courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fidelity Fin. Srvcs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill., filed Nov. 2, 1994). The rule does not impose pleading requirements greater than those outlined in Fed. R. Civ. P. 8, nor should

motions under the rule "be used as substitutions for discovery." *Crabtree v. DG Retail, LLC*, 2017 WL 264531, at *2 (S.D. Ill., filed Jan. 20, 2017).

## DISCUSSION

As a threshold matter, pursuant to the Court's local rules: "[e]very motion raising a question of law…must include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the local or federal rule under which the motion is filed." CDIL L.R. 7.1(B)(1). Further, "[a]rguments may be waived if they are perfunctory and underdeveloped or if they are so unsupported by pertinent authority that the court must conduct research and form arguments on behalf of the party." *Pratt v. Wisc. Aluminum Foundry*, --- F.4th ---, 2026 WL 2123935 (7th Cir. 2026) (internal citations omitted).

Defendants did not provide a memorandum of law in support of their motion as required under the local rules. Their motion cites only to Fed. R. Civ. P. 12(e) without further legal citation to support their positions that Plaintiff should be required to identify a specific legal theory under which his claims in Counts IV, V, VIII, and IX are based, that failing to grant the motion will result in significant discovery motion practice, and that they cannot adequately respond.

To the extent that Defendants have complied with the local rule and properly supported their arguments, Defendants do not challenge the sufficiency of Plaintiff's complaint under Fed. R. Civ. P. 8, and the complaint itself outlines Defendant Friesz's alleged conduct and the dates she was involved and Defendant ACH's

alleged systemic deficiencies and knowledge of same. Defendants have not shown how these allegations fail to place them on notice of the "wrongful act, neglect or default" required to establish a claim under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. § 180/1, or the damages they seek under the Illinois Survival Act, 755 Ill. Comp. Stat. § 5/27-6, much less how the allegations are so "vague and ambiguous" as to prevent them from filing a response.

## CONCLUSION

The Court finds that Defendants failed to show that a more definitive statement under Rule 12(e) is appropriate. Defendants' motion is denied.

**THEREFORE:**

1) **Defendants' Motion [26] is DENIED.**
2) **Defendants Friesz and ACH shall file their answer within 14 days of this Order.**

***SO ORDERED.***

Entered this 18th day of August, 2026.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge