E-FILED
Friday, 18 September, 2026 03:44:13 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ALYSSA L. PACHECO, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-4136 |
| KNOX COUNTY, ILLINOIS, *et al.* | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs, proceeding by and through counsel, brought the present lawsuit pursuant to 42 U.S.C. § 1983 and state law alleging claims arising from decedent Justin Main's detention at the Knox County Jail. The matter comes before this Court for ruling on Defendant Advanced Correctional Healthcare's (ACH) and Defendant Friesz's Motion to Strike. (Doc. 39). The motion is denied.

### BACKGROUND

Plaintiffs, in their capacities as the Independent Administrators of the Estate of Justin E. Main, filed this lawsuit on May 26, 2026. (Doc. 1). They allege that Justin Main ("Justin") died while detained at Knox County Jail after jail officials allegedly failed to provide adequate medical care for diabetes.

As relevant here, Plaintiffs allege in paragraph 1 of their complaint that "[Justin Main] did not deserve to die, and his death was entirely preventable." (Doc. 1 at 1, ¶ 1). Plaintiffs also allege:

> 117. ACH was also sued in connection with the death of Joshua McLemore at the Jackson County Jail in Indiana, where public

> reporting described allegations that he died after prolonged lack of care during an acute mental-health crisis. Jackson County settled for $7.25 million, and ACH later separately settled the claims against it.

*Id.* at 28, ¶ 117.

Defendants ACH and Friesz move to strike these allegations pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 11(b), arguing that the allegation in paragraph 1 is "hyperbolic and offensive," "intended to improperly press the case on emotion, rather than facts or law," and unduly prejudicial. (Doc. 39 at 2, ¶ 4). Defendants argue that evidence of the settlement alleged in paragraph 117 is irrelevant and not admissible. *Id.*, ¶ 6.

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides in part:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Motions under this rule are disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1984). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The district court "has considerable discretion" in applying this rule. *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Rule 11 of the Federal Rules of Civil Procedure provides in part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule permits a court to "impose an appropriate sanction" on its own or upon motion "made separately from any other motion" after the party or lawyer accused of violating the rule has been given any opportunity to withdraw or correct the challenged pleading. Fed. R. Civ. P. 11(c)(1)-(3). Sanctions available are limited to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

## DISCUSSION

Defendants move to strike the cited allegations as scandalous under Rule 12(f), and apparently seek the same relief as a sanction for violating Rule 11(b)(3). The statement that Justin Main's death was preventable is relevant to Plaintiffs' claims that jail officials failed to provide adequate medical care. The statement that

he did not deserve to die, while arguably not relevant and made only to evoke an emotional response, is not so inflammatory at this stage in the proceedings or frivolous that it warrants relief under Rule 12(f) or sanctions under Rule 11. The Court can address any issues of prejudice via other means (e.g. limiting instruction) as this case progresses.

Defendants' argument that evidence of a settlement in another lawsuit is not admissible is premature. At a minimum, Plaintiffs' *Monell* claim against Defendant ACH in Count III requires them to show that ACH had an express policy or a widespread practice or custom that resulted in the deprivation of Main's constitutional rights. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). A policymaker's knowledge, whether obtained through previous lawsuits or otherwise, that a particular policy or widespread practice has or is likely to result in a constitutional deprivation is essential to this type of claim. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 379 (7th Cir. 2020). Evidence related to the allegation in paragraph 117 may thus be admissible under Fed. R. Evid. 408(b), and any issues arising therefrom are properly resolved at later stages in this litigation.

**CONCLUSION**

The Court finds that Defendants have not shown that relief under the applicable rules is appropriate.

**THEREFORE:**

1) **Defendants' Motion to Strike [39] is DENIED.**

***SO ORDERED.***

Entered this 18th day of September, 2026.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge